UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

  -against-

MATTHEW G. TEEPLE
DAVID T. RILEY, and
JOHN V. JOHNSON,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

: <u>ECF Case</u>

: **GOVERNMENT'S**
 **MEMORANDUM OF LAW IN**
: **SUPPORT OF ITS APPLICATION**
 **TO INTERVENE AND FOR A**
: **STAY OF CIVIL PROCEEDINGS**

: No. 13 Civ. 2010 (PAC)

:

:

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION
TO INTERVENE AND FOR A STAY OF CIVIL PROCEEDINGS**

PREET BHARARA
United States Attorney
Southern District of New York
Attorney for the United States
 of America

STEVE C. LEE
JILLIAN B. BERMAN
Assistant U.S. Attorneys
 -Of Counsel-

## PRELIMINARY STATEMENT

The United States of America, by and through the United States Attorney for the Southern District of New York ("the Government"), respectfully submits this memorandum in support of its application (i) to intervene in the above-captioned case, pursuant to Rule 24 of the Federal Rules of Civil Procedure, and (ii) to stay civil proceedings until the resolution of two parallel criminal cases,  United States v. David Riley, et al., 13 Cr. 339 (RPP), and United States v. John Johnson, 13 Cr. 190 (JFK).  The Securities and Exchange Commission ("SEC") consents to the Government's intervention and a stay of civil proceedings.  Defendants Matthew Teeple, David Riley, and John Johnson also consent to the Government's intervention and a stay of civil proceedings.

## BACKGROUND

On March 26, 2013, David Riley and Matthew Teeple were arrested pursuant to a criminal complaint charging them with conspiracy to commit securities fraud and with substantive counts of securities fraud.  The Government also unsealed that day securities fraud charges that had previously been brought against John Johnson, pursuant to Information 13 Cr. 190 (JFK)(the "Information").  On May 8, 2013, a Grand Jury in the Southern District of New York returned Indictment 13 Cr. 339 (RPP) (the "Indictment") charging Riley and Teeple with one count of conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371, and three counts of securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2, and Title 18, United States Code, Section 2.

The Indictment alleges that David Riley, a high-ranking employee of Foundry Networks, Inc. ("Foundry") provided material non-public information concerning Foundry (the

"Inside Information") to Matthew Teeple, an employee of a San Francisco-based investment adviser for a family of hedge funds ("Investment Adviser A").  Teeple, in turn, caused others, including Investment Adviser A, to execute securities transactions based in whole or in part on the Inside Information provided to him by Riley.  These trades enabled Investment Adviser A to earn millions of dollars in profits and avoid millions of dollars in losses.

Specifically, the Indictment alleges that Riley provided Teeple with Inside Information on three separate occasions: (1) in advance of a July 21, 2008 public announcement concerning Foundry's acquisition by Brocade Communications Systems, Inc. ("Brocade"); (2) in advance of a April 11, 2008 public announcement concerning Foundry's quarterly financial reporting; and (3) in advance of two public announcements on October 23 and 24, 2008 concerning Foundry's net operating income and a delay of a shareholder vote to approve Brocade's acquisition of Foundry, respectively.  After receiving Inside Information in advance of these public announcements, Teeple caused Investment Adviser A to trade based in whole or in part on this Inside Information.

As for the Inside Information concerning Brocade's acquisition of Foundry, the Indictment further alleges that Teeple provided this Inside Information to others, including John Johnson, who traded profitably in Foundry securities based upon what Teeple had told him.  The Information charges Johnson with conspiracy to commit securities fraud and securities fraud in connection with Teeple providing Johnson with Inside Information concerning Brocade's acquisition of Foundry.  On or about March 18, 2013, Johnson pled guilty to the Information pursuant to an agreement with the Government.

The same day that Riley and Teeple were arrested, the SEC filed the complaint in

2

Case No. 13 Civ. 2010 (PAC) (the "SEC case" or the "SEC Complaint") against Riley, Teeple, and Johnson.  The SEC case is based upon the same insider trading scheme and involves the same individual co-conspirators and entities that are set forth in the Indictment and the Information.  Specifically, the SEC Complaint alleges that Riley provided Teeple with Inside Information concerning Foundry, which Teeple then conveyed to others, including Investment Adviser A, which traded in Foundry securities based upon this Inside Information.  As set forth in both the Indictment and the Information, the SEC Complaint alleges that this Inside Information included Inside Information concerning Brocade's acquisition of Foundry in advance of its public announcement on July 21, 2008.  Once receiving the Inside Information concerning Brocade's acquisition of Foundry, Teeple then conveyed it to Investment Adviser A, John Johnson, and others who purchased Foundry securities in advance of the July 21, 2008 Announcement.  Like the Indictment, the SEC Complaint further alleges that Riley provided material nonpublic information to Teeple in advance of at least two other Foundry announcements in 2008, namely, announcements on April 11, 2008 and October 24, 2008, which Teeple subsequently passed along to Investment Adviser A, which traded profitably based upon this information.

        As set forth above, Johnson pled guilty to charges set forth in the Information.  As for the criminal case against Riley and Teeple, the Government has produced Rule 16 discovery in the criminal case.  The Honorable Robert P. Patterson, who is presiding over the criminal case, has not yet set a trial date.

## ARGUMENT

This Court should grant a stay of the SEC case for several reasons.  First, permitting depositions and interrogatories in the SEC case would provide an end-run around the constraints imposed on discovery in criminal cases. Second, there is no prejudice to the parties to the SEC case that would arise from staying the SEC case.  Third, staying the SEC case pending the conclusion of the criminal case is more efficient and preserves the Court's resources because many of the issues presented by the SEC case will be resolved in the criminal case.

## I.  THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of right in an action when the applicant "claims an interest relating to the property or transaction which is the subject of the action" and the applicant is so situated that "dispositing of the action may as a practical matter impair or impede the movant's ability to protect its interests. . . ."  Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact."  The Government respectfully submits that its application satisfies both of these provisions.

As a general rule, courts "have allowed the government to intervene in civil actions – especially when the government wishes to do so for the limited purpose of moving to stay discovery." Twenty First Century Corp. v. LaBianca, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); see also SEC v. Credit Bancorp., 297 F.3d 127, 130 (2d Cir. 2002).   The Government has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." SEC v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988).  Indeed, "[i]t is well established that the United States Attorney

4

may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is . . . already underway that involves common questions of law or fact." <u>SEC</u> v. <u>Downe</u>, No. 92 Civ. 4092 (PKL), 1993 WL 22126, at *11 (S.D.N.Y. June 26, 1993); <u>see</u> <u>also</u> <u>First Merchants Enterprise, Inc</u>. v. <u>Shannon</u>, No. 88 Civ. 8254 (CSH), 1989 W.L. 25214 (S.D.N.Y. Mar. 16, 1989) (allowing intervention); <u>Governor of the Fed'l Reserve System</u> v. <u>Pharaon</u>, 140 F.R.D. 634, 638 (S.D.N.Y. 1991) (same).

As an initial matter, intervention is warranted because the Government's interests in upholding the public interest in enforcement of the criminal laws cannot be protected adequately by the existing parties in this civil litigation, none of whom represent the Government's interests with respect to the investigation and enforcement of federal criminal statutes. *See Bureerong* v. *Uvawas*, 167 F.R.D. 83 (C.D.Cal. 1996) ("the Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties . . . . Clearly neither the plaintiff or the defendants have this identical interest.").

Moreover, a trial in this action in advance of the criminal trial may, as a practical matter, impair or impede the Government's ability to protect its interests in the enforcement of federal criminal law. The two cases arise from the same alleged fraudulent scheme, and involve numerous common questions of law and fact. As described in detail below, holding the civil trial before the criminal trial creates the possibility that there will be two trials covering the same charges of insider trading and securities fraud. This raises the risk of inconsistent verdicts, and the probability that witnesses will be unnecessarily burdened by having to testify twice. In light of those circumstances, the Government respectfully submits that its application to intervene should be granted.

## II.  A STAY OF THE SEC ACTION IS APPROPRIATE

This Court has the inherent power to stay a civil proceeding in the interests of justice pending the completion of the parallel criminal trial.  Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal citations and quotations omitted).  When considering whether to grant a stay, courts balance the following factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

S.E.C. v. Treadway, No. 04 Civ. 3464(VM)(JCF), 2005 WL 713826, at *2-*3 (S.D.N.Y. March 30, 2005) (quoting In re Worldcom, Inc. Secur. Litig., Nos. 02 Civ. 3288, 02 Civ. 4816, 2002 WL 31729501, at *4 (S.D.N.Y. Dec. 5, 2002))); see also Volmar Distrib., Inc. v. New York Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (listing similar factors).  "Balancing these factors is a case-by-case determination."  Volmar Distrib, 152 F.R.D. at 39.  An analysis of these factors in this case weighs in favor of granting the stay sought by the Government.

### A.    The Extent of Overlap

The nearly identical issues underlying the criminal and civil cases weighs heavily in favor of a stay.  "The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues."  Volmar Distrib., Inc., 152 F.R.D. at 39, citing Judge Milton Pollack, Parallel Civil and Criminal Proceedings, 129 F.R.D. 201, 203 (S.D.N.Y. 1989); see also Parker v. Dawson, No. 06 Civ. 6191 (JFB), 2007 WL 2462677 (Aug. 27, 2007 E.D.N.Y.) at *4 (same); United States v. One 1964 Cadillac Coupe DeVille, 41 F.R.D. 352, 353

(S.D.N.Y. 1966) ("where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter").

   Here, the SEC and criminal actions describe the same insider trading scheme, involving the same participants, the same source of Inside Information, and largely the same trades allegedly based on the Inside Information.  In short, the cases involve virtually identical facts and issues.

  **B.** <u>**Status of the Criminal Case**</u>

   The return of an Indictment in the criminal case is also a factor that weighs in favor of a stay.  "Courts generally decline to stay civil proceedings when a related criminal matter is still in the investigatory stage." <u>Treadway</u>, 2005 WL 713826 at *3.  On the other hand, "[t]he weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment." <u>In re Par Pharm, Inc. Sec. Litig.</u>, 133 F.R.D. 12, 13 (S.D.N.Y. 1990).  As Judge Chin explained in <u>Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al.</u> v. <u>Transworld Mechanical, Inc.</u>:

> A stay of a civil case is most appropriate when a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved.

886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).

   As a result, the status of the criminal case here strongly supports a stay.  Teeple and Riley have been charged in an Indictment pending before the Honorable Robert P. Patterson, and Johnson has been charged and has pled guilty to criminal charges set forth in an Information.

### C.     Prejudice to the Parties

There is very little, if any, prejudice to the parties that would result from the stay sought by the Government, particularly in light of the fact that a trial date in the SEC case has not yet been set by the Court.  Additionally, defendants in parallel criminal cases typically have an interest in not being deposed because if they assert their Fifth Amendment privilege, an adverse inference may be drawn against them in the civil case.  See Baxter v. Palmigiano, 425 U.S. 308, 318 (1976) (Fifth Amendment does not forbid adverse inferences against parties to civil actions).  But as one district court recently noted, "[t]he specter of parties and witnesses invoking their Fifth Amendment rights would render discovery largely one-sided; the SEC would produce scores of documents and witness testimony only to be precluded from gathering reciprocal discovery from the defendants."  SEC v. Nicholas, 569 F.Supp.2d 1065, 1070 (C.D.Cal. 2008).  See also SEC v. Saad, 229 F.R.D. 90, 91 (S.D.N.Y. 2006) (JSR) (noting that in a prior civil case, SEC v. The Oakford Corporation, 181 F.R.D. 269 (S.D.N.Y. 1998) (JSR), Judge Rakoff had stayed deposition discovery because there was a high likelihood that invocations of the Fifth Amendment privilege would "play havoc with the orderly conduct" of the depositions, but Judge Rakoff allowed depositions to proceed in Saad because none of the defendants were going to invoke the Fifth Amendment privilege).  As a result, granting a stay of the SEC case to permit the criminal case to proceed to its conclusion would actually benefit the defendants since granting a stay of the SEC case would avoid forcing the defendants to make the difficult choice between being prejudiced in the SEC case by the assertion of their Fifth Amendment rights or being prejudiced in the criminal case if they waive those rights.

### D.     The Public Interest

Moreover, the Government and the public have an important interest in insuring

8

that civil discovery is not used to circumvent the restrictions that pertain to criminal discovery.
Rule 16 of the Federal Rules of Criminal Procedure expressly limits the documents that are
subject to discovery in a criminal case and further states that it does not "authorize the discovery
. . . of statements made by government witnesses or prospective government witnesses except as
provided in 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2).  Title 18, United States Code, Section
3500 provides that in criminal cases, the statements of Government witnesses -- such as witness
testimony taken by the SEC -- shall not be "the subject of subpoena, discovery, or inspection
until said witness has testified on direct examination in the trial of the case."  The public policy
against premature disclosure of the Government's criminal case is so strong that courts are
without power to order early production of witness statements.  See United States v. Taylor, 802
F.2d 1108, 1117-18 (9th Cir. 1986).  Moreover, except under "exceptional circumstances" and
pursuant to court order, the criminal rules do not provide either for depositions as a means of
discovery.  See In re Ahead By A Length, Inc., 78 B.R. 708, 711 (S.D.N.Y. 1987); Fed. R. Crim.
P. 15.

   Courts repeatedly have recognized that a civil litigant should not be allowed to
use civil discovery to avoid the restrictions that would otherwise pertain in criminal discovery to
a criminal defendant.  See SEC v. Beacon Hill Asset Management LLC, No. 02 Civ. 8855
(LAK), 2003 WL 554618, at *1  (S.D.N.Y. Feb. 27, 2003) (in context of request for civil stay of
discovery due to pending criminal investigation, "[t]he principal concern with respect to
prejudicing the government's criminal investigation is that its targets might abuse civil discovery
to circumvent limitations on discovery in criminal cases") (Kaplan, J.); Phillip Morris Inc. v.
Heinrich, No. 95 Civ. 328 (LMM), 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (without
stay, defendants "may have an opportunity to gain evidence to which they are not entitled under

9

criminal discovery rules");; <u>Governor of the Fed'l Reserve System</u> v. <u>Pharaon</u>, 140 F.R.D. 634,

639 (S.D.N.Y. 1991) ("A litigant should not be allowed to make use of the liberal discovery

procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery

and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial")

(quoting <u>Campbell</u> v. <u>Eastland</u>, 307 F.2d 478, 487 (5th Cir, 1952)); <u>Downe</u>, 1993 WL 22126 at

*12-13 (same); <u>United States</u> v. <u>Any and All Assets of That Certain Business Known As Shane</u>

<u>Company</u>, 147 F.R.D. at 99, 101-102 (M.D.N.C. 1993) (granting stay in civil cases pending

grand jury investigation because "the same evidentiary material likely will be involved" in both

matters, and thus discovery "could interfere with the government's criminal investigation"); <u>In re</u>

<u>Ivan F. Boesky Securities Litig.</u>, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("the public interest in the

criminal case is entitled to precedence over the civil litigant").

> ### E. <u>The Interests of the Courts</u>

Considerations of judicial economy also weigh in favor of granting a stay.  Issues

common to both cases can be resolved in the criminal proceeding, thereby simplifying the civil

action.  <u>See</u> <u>SEC</u> v. <u>Contorinis</u>, 2012 WL 512626 (S.D.N.Y. Feb. 3, 2012) ("Courts in this

district have consistently found that a defendant convicted of securities fraud in a criminal

proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil

proceeding."); <u>Twenty First Century Corp.</u> v. <u>LaBianca</u>, 801 F. Supp. 1007 (recognizing judicial

economy as a factor to be considered); <u>Brock v. Tolkow</u>, 109 F.R.D. 116, 120 (E.D.N.Y. 1985)

(noting that resolution of the criminal case "might reduce scope of discovery in the civil case and

otherwise simplify the issues").

## CONCLUSION

In sum, in light of the strong public interest in preventing the civil discovery rules from being subverted into a device for improperly obtaining discovery in the criminal proceedings, the lack of prejudice to the parties, the fact that no trial date in the SEC case has been set, that the resolution of the criminal cases is likely to resolve issues in the SEC case, and to assure that the Government's ability to prosecute the criminal case is not undermined, the Government respectfully submits that the stay requested by the Government, and on consent of the defendants and the SEC, should be granted.

Dated:  New York, New York
          July 12, 2013

                        Respectfully submitted,

                        PREET BHARARA
                        United States Attorney
                        Southern District of New York


                  By:   _ / s / _____
                        Steve C. Lee
                        Jillian B. Berman
                        Assistant United States Attorneys
                        Telephone:  (212) 637-2413/2197

11